IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH (SALT LAKE CITY)

UNITED STATES OF AMERICA,

 Plaintiff,

vs.        Case # 2:10-CR-00195-TS

JOHANNES HERBEN,

 Defendant.

---

MEMORANDUM IN MITIGATION OF

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO

18 U.S.C. 3582(c)

---

 COMES NOW, PRO SE DEFENDANT JOHANNES HERBEN, Reg. #16205-081, AND HEREBY moves this Honorable Court to reduce his sentence pursuant to 18 U.S.C. 3582(c) based on Amendment 782 to the United States Sentencing Guidelines that takes retroactive affect on November 1, 2015.

 Defendant was convicted by a Guilty Plea in the above-captioned criminal proceeding on 7/6/2010 of: "POSSESION OF METHAMPHETAMINE W/INTENT TO DISTRIBUTE," 21 U.S.C. § 841(a)(1); "CARRYING A FIREARM IN/RE DRUG TRAFFICKING CRIME," 18 U.S.C. § 924(c)(1).

FILED
U.S. DISTRICT COURT
2015 AUG 24 P 1:07
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Based on 34 Grams of Methamphetamine, and the above-captioned Statute Violations, the Court established a Base Offense Level of 28 under the U.S.S.G. 2D1.1(c).

After considering applicable Chapter Three Adjustments to that Base Offense Level (ie: Acceptance of Responsibility, Role in the Offense, etc.) the Sentencing Court arrived at a Total Adjusted Offense Level of 25.

Defendant's prior convictions rendered a Criminal History Category IV, which with the Total Adjusted Offense Level of 25, yielded an advisory Guideline Range of 110 to 197 Months.

On 7/6/2010, Defendant was sentenced to 156 Months in Federal Prison, to be followed by 4-5 Years of Supervised Release.

In accordance with Amendment 782 to the United States Sentencing Guidelines, the Base Offense Level established for the Quantity of Controlled Substance for which the Defendant was held accountable is decreased by 2 Levels under the Drug Quantity Table at U.S.S.G. 2D1.1(c), resulting in a new amended Total Adjusted Offense Level of 23, which along with the Criminal History Category IV -- yields a new advisory guideline Range of 92 to 115 Months.

WHEREFORE, HAVING SHOWN GOOD CAUSE, DEFENDANT JOHANNES HERBEN, Reg. #16205-081, hereby requests this Honorable Court reduce his sentence to 92 Months (which constitutes a sentence in approximately the same position within the new range as was imposed in the original guideline range), and any further reduction in sentence that this Court may deem just and equitable.

ELIGIBILITY FOR § 3582(c) RELIEF IS AVAILABLE
TO PETITIONER / MOVANT HERBEN

A scenario identical to Petioner/Movant Herben's is discussed by the Supreme Court in FREEMAN v. UNITED STATES, 564 U.S. \_\_\_\_ (#09-10245) June 23, 2011.

At 5; II, it states . . "Federal Sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, in light of the Guid elines and other §3553(a) factors.  the Guidelines provide a framework (or starting point -- a basis, in the commonsense meaning of the term -- for the judge's exercise of discretion.)

Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court's independent obligation to exercise its discretion.  In the usual sentencing, the judge's reliance on the Guidelines will

be apparent, for the judge will use the Guidelines range as

the starting point in the analysis and impose a sentence within the range.

See GALL v UNITED STATES, 552 U.S. 38, 49 (2007). Even where the judge varies from the recommended range, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense a basis for the sentence.

Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the court once the court accepts the plea agreement, but the governing policy statement confirms that the court's acceptance is itself based on the Guidelines. See USSG §6B1.2.

That policy statement forbids the district judge to accept an agreement without first evaluating the recommended sentence in light of the defendant's applicable sentencing range as is the case with Petioner/Movant Herben. See STINSON v. UNITED STATES, 508 U.S. 36 (1993).

The Guidelines commentary here is authoritative. In Petioner/Movant Herben's instant case, as is stated in STINSON, supra, any bargain between parties is contingent until the court accepts the agreement. It is the Guidelines that require the district judge to give due consideration to the relevant sentencing range.

Note that in Petioner/Movant Herben's case, a review of the transcript, the 11(c)(1)(C) agreement referenced the Sentencing Guidelines on both Page 5 and Page 6 of the statement related to the guilty plea.

FREEMAN, supra, specifically sets forth that the Guidelines require the district judge to give due considertion to the relevant sentencing range, even if the defendant and prosecutor recommend a specific sentence as a condiiton of the guilty plea.

This approach finds further support in the policy statement that applies to §3582(c)(2) motions, as is the case in this Motion before the Court. It instructs the District Court in modifying a sentence to substitute the retroactive amendment, leaving the Guideline determinations in place.

Working backwards from this purpose, modification proceedings such as Petioner/Movant Herben's Motion, should be available to permit the District Court to revisit a prior sentence to whatever extent the sentencing range was an analytic framework the judge used to determine the sentence or to approvethe agreement.

Therefore, referencing and adhering to the Doctrine of Stare Decisis -- followng case precedent & jurisdiction -- Petioner/Movant Herben, is eligible and due relief under his Motion for Reduction.

MITIGATION FACTORS

The following factors are presented for the Court's review in mitigation of this Defendant's request for Sentence Reduction under the 2014 Guideline Amendments.

Defendant/Petitioner Johannes Herben, asks that this Court consider the following mitigating factors when making it's discretionary decision in this matter.

Mr. Johannes Herben has enrolled and completed classes related to his conviction for drugs. Voluntarily, he has addressed the devastation caused by substance abuse through his completion of the Federal Bureau of Prisons' "120-Hour Drug Education Program;" "40-Hour Drug Education Program;"and "Doing Time with the Right Mind" -- completing all Three (3) Phases.

Despite the harshness that incarceration harbors in its environs, Mr. Johannes Herben has made extraordinary efforts in his Educational achievements by completing numerous Courses. He is presently an Emergency Plumber in CMS (Facilities), handling many tasks and responsibilities.

He has permanently held a position of a Emergency Plumber for the entire FCI Florence institution, using his extensive Mechanical ability & experience.

Through the FBOP's Maintenance Position, Mr. Johannes Herben has logged more than 48 Full Months of service, achieving Grade 1 pay status. He has developed a disciplined

work ethic, employed at/in FCI Florence. His work includes all aspects of diagnosing and solving critical Plumbing problems.

Mr. Johannes Herben is readily employable when released from prison. He has extensive experience Automobile Mechanics and will secure a position in that area upon release. The Auto Mechanics Field is consistently hiring and recruiting employees and he is immediately employable upon release.

Mr. Johannes Herben is looking forward to a entering a workforce presently accepting inmates returning to society and ready for job application. Mr. Herben is prepared to be hired in the work-force, given the opportunity for sooner release possible through a reduction to the Low-end of the Guideline Range.

He has already been offered a position with Zion Motors. It is without doubt, that upon release he will be an asset to any company who offers him a position.

Mr. Herben has an interest in continuing his education in the College Program in FCI Florence. Courses he has already completed include: MEMORY SKILLS; PUBLIC SPEAKING SUCCESS; GUITAR STUDY; COMMERCIAL DRIVER'S LICENSE; STICK ART; BANKING/MONEY SMART; DARKSIDE UNIVERSE; ABDOMINALS; AUTO MAINTENANCE; PSYCHOLOGY; ANCIENT CIVILIZATIONS; KEYBOARDING; RE-ENTRY PORTFOLIO; ANCIENT CULTURES; ANATOMY & PHYSIOLOGY; ATOMS TO STARS; SPANISH; & PROPERTY & HAPPINESS.
(See Attached "Education Transcript.")

Since being at FCI Florence, Mr. Herben views incarceration as a learning atmosphere and tries to better

himself everyday -- mentally and physically.

Mr. Herben has strong family support. All sincerely miss him. To rejoin his Wife and Children sooner has been the guiding force for his good behavior and optimistic attitude through his sentence. It will be such a greatly anticipated reunion when he is finally released to rejoin them.

Mr. Herben will demonstrate his benefits from his incarceration by showing his capacity to contribute to his fellow citizens and his community.

Mr. Herben's family and friends are willing and available to help in any possible way to assist and encourage him while he adjusts to the changes that he approaches upon release. Returning to society in a timely manner, with this Court's consideration and finding that his case is one that merits the benefits of a Reduction under the New Amendment, the support will bolster his successful re-integration.

His family patiently waits for his return to start a secure, established family. Their life together will be a fresh start to fulfill their plans for a settled, stable life -- to embrace his return and stand-by the belief that he is a person with outstanding potential who can contribute to his community and society.

Mr. Herben's plans include living with his Wife and Child upon release from the Halfway House and on Home Confinement. His heart-felt intentions are to get on his feet as soon as possible.

Defendant Johannes Herben humbly asks this Court to consider that he has learned a valuable lesson, and he is prepared to apply the lessons he has learned to regain the

confidence of this country's citizenry.

He is ready to become a productive member of society again. He is a person who has made some bad decisions in his life. For these decisions he has greatly paid emotionally and in the loss of freedom and life.

The severe stress that this incarceration has cost his caring family and loved ones, is immeasureable. It would be a blessing to his family if he could be home earlier with them. If he were released, he would have both the support of his family and friends to help guide him. A decision to reduce his Sentence to the Low-end of the new range would bring due justice -- such as this country has based its constitutional beliefs on.

If a reduction was made at this juncture of his sentence, it would also bring Mr. Herben into the 'time-window' to be eligible for entry into RDAP, a residential drug program recommended by the Court and available at FCI Florence.

Were it not for the guidance and compassion shown by Judges in similar matters, society would be a place without democratic considerations. There is not a doubt in anyone's mind that given the same opportunity to receive guidance and support from his family and our judicial system, Mr. Johannes Herben would not have learned from his mistakes and once again sought the path of righteousness and productive citizenship.

Decisions are made on an individual basis in every inmate's case. Please make one that will afford him a reasonable opportunity to adjust to and prepare for a rehabilitated person's re-entry into the community.

Please temper Justice with Mercy, Your Honor. Find that the new Guideline Range will sooner reunite Mr. Herben with his Loved Ones.

WHEREFORE, HAVING SHOWN GOOD CAUSE, DEFENDANT JOHANNES HERBEN, Reg. #16205-081, hereby requests this Honorable Court reduce his sentence to 92 Months (which constitutes a sentence in approximately the same position within the new range as was imposed in the original guideline range), and any further reduction in sentence that this Court may deem just and equitable.

RESPECTFULLY SUBMITTED THIS 3rd Day of Aug. 2015

JOHANNES HERBEN, Reg. #16205-081

```
 FLFHI              *     INMATE EDUCATION DATA       *      07-28-2015
PAGE 002 OF 002 *              TRANSCRIPT             *      09:15:31


REGISTER NO: 16205-081      NAME..: HERBEN               FUNC: DIS
FORMAT.....: TRANSCRIPT     RSP OF: FLF-FLORENCE FCI


------------------------- EDUCATION COURSES ---------------------------
SUB-FACL  DESCRIPTION                  START DATE  STOP DATE  EVNT AC LV  HRS
FLF       INCREASE MEMORY SKILLS M PM  06-20-2012  09-07-2012  P   C  P   18
FLF       PART 3-DOING TIME RIGHT MIND 04-03-2012  07-03-2012  P   C  P   24
FLF       PUBLIC SPEAKING SUCCESS W 6-8P 02-20-2012 05-07-2012 P   C  P   18
FLF       RECREATION GUITAR TR 8AM     01-26-2012  04-06-2012  P   C  P   20
FLF       ADV DOING TIME WITH RIGHT MIND 12-13-2011 03-13-2012 P   C  P   12
FLF       COMM DRVR LICENSE   TUE 6-8P 10-24-2011  01-03-2012  P   C  P   20
FLF       REC BEG GUITAR T 8AM         10-25-2011  12-30-2011  P   C  P   20
FLF       DOING TIME WITH RIGHT MIND   08-25-2011  10-27-2011  P   C  P.  12
FLF       BASIC STICK ART T/TH 6-8PM   07-26-2011  09-23-2011  P   C  P   20
FLF       COMM DRVR LICENSE    WED 6-8P 03-01-2011 05-25-2011  P   C  P   20
FLF       BANKING/MONEY SMART  T 6-8   03-01-2011  05-10-2011  P   C  P   18
FLF       DARKSIDE UNIVERSE II  M 6-8P 03-01-2011  05-09-2011  P   C  P   18
FLF       ABDOMINALS M-TH 1PM          02-14-2011  04-08-2011  P   C  P   32
FLF       INTRO AUTO MAINTENANCE 6-8 PM 10-05-2010 01-08-2011  P   C  P   18


G0005          TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
FLFHI              *      INMATE EDUCATION DATA        *      07-28-2015
PAGE 001           *           TRANSCRIPT              *      09:15:31

REGISTER NO: 16205-081    NAME..: HERBEN                   FUNC: DIS
FORMAT.....: TRANSCRIPT   RSP OF: FLF-FLORENCE FCI

-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME STOP DATE/TIME
FLF  ESL HAS    ENGLISH PROFICIENT       08-18-2010 0001 CURRENT
FLF  GED HAS    COMPLETED GED OR HS DIPLOMA  11-08-2010 0001 CURRENT

--------------------------- EDUCATION COURSES ---------------------------
SUB-FACL  DESCRIPTION                    START DATE  STOP DATE  EVNT AC LV  HRS
FLF       PSYCHOLOGY 101 SAT 1-3         03-10-2014  05-31-2014  P   C  P   18
FLF       ANCIENT CIVILIZATIONS2 TUES6-8 10-25-2013  01-14-2014  P   C  P   20
FLF       ACE KEYBOARDING  SAT 8-9:30 AM 10-25-2013  01-25-2014  P   C  P   20
FLF       RE-ENTRY PORTFOLIO             07-19-2013  09-07-2013  P   C  P   24
FLF       ANCIENT CULTURES TUES 6-8      02-01-2013  05-07-2013  P   C  P   20
FLF       BASIC ANATOMY & PHYSIOLOGY 1-3 10-12-2012  01-04-2013  P   C  P   18
FLF       FROM ATOMS TO STARS 6-8 PM     10-12-2012  01-04-2013  P   C  P   18
FLF       ACE BASIC SPANISH  WED 6-8 PM  10-12-2012  01-04-2013  P   C  P   18
FLF       7C'S PROSPERITY&HAPPINES TH PM 06-11-2012  09-06-2012  P   C  P   20

G0002     MORE PAGES TO FOLLOW . . .
```

# Federal Public Defender
## District of Utah

Kathryn N. Nester
Federal Public Defender

Carlos A. Garcia
Wendy M. Lewis
Kristen R. Angelos
Robert K. Hunt
Jamie Zenger
Vanessa M. Ramos
Audrey K. James
Benjamin C. McMurray
L. Clark Donaldson
Robert L. Steele

American Towers Plaza
46 West Broadway, Suite 110
Salt Lake City, UT 84101
Phone: (801) 524-4010
Fax: (801) 524-4060

Scott Keith Wilson
First Assistant

Kent R. Hart
Benjamin A. Hamilton
Daphne A. Oberg
Bretta Pirie
Spencer W. Rice
Natalie A. Benson
Adam G. Bridge
Jessica Stengel
Tamara Theiss
Alexander Enrique Ramos

July 17, 2015

Johannes Herben
Register No: 16205-081
Florence FCI
P.O. Box 6000
Florence, CO 81226

    Re:    *U.S. v. Johannes Herben*
            *Case No. 2:10-cr-00195 TS*

    Our office has been reviewing your file to determine whether or not you are eligible for a two-level reduction based on the recent changes to the drug quantity table as a result of Amendment 782. Your case is unique in that you entered into an 11(c)(1)(C) agreement with the government. Individuals who entered into such an agreement are subject to different eligibility standards than those whose sentences were based exclusively on the Sentencing Guidelines. Specifically, unless it is clear that the 11(c)(1)(C) agreement you entered into was based upon a particular range based on the Sentencing Guidelines then you will not be eligible for a reduction. In other words, individuals who entered into an 11(c)(1)(C) agreement are automatically prohibited from receiving the two-level reduction unless they can show that the agreement was based on the Sentencing Guidelines.

    We have reviewed your case to determine whether, in our opinion, there is anything in your 11(c)(1)(C) agreement that suggests the ultimate agreed upon sentence was based on the Sentencing Guidelines.

    In reviewing your 11(c)(1)(C) agreement, we determined that the only reference to the Sentencing Guidelines is found on page 5 and 6 of your Statement in Advance of Guilty Plea. Page 5 of your agreement explains the exceptions to your limited rights to appeal your sentence. Specifically, it allows you to appeal "…a sentence above the high-end of the guideline range as determined by the district court at sentencing, or in the event that no such determination is made by the district court, a sentence above the high end of the guideline range as set forth in the final presentence report." Page 6 of your agreement states that the "…Court will likely order the preparation of the Presentence Report to assist in the determination of whether this plea and the

agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report." Unfortunately, we do not believe this language is sufficient to meet the standard established in *United States v. Freeman* which requires that an 11(c)(1)(C) agreement expressly use a sentencing range to establish a term of imprisonment. I have attached a copy of that opinion for your review and records.

Based on this, we have determined that your 11(c)(1)(C) agreement is not based upon the Sentencing Guidelines. It is based on this determination that we unfortunately cannot file a motion to reduce your sentence pursuant to Amendment 782.

I would like you to know that there are many individuals in your situation who are attempting to fight the current restrictions for those with an 11(c)(1)(C) sentence. If *anything* changes I will contact you immediately.

I am sorry I could not provide you with good news.

Sincerely,

ALEXANDER E. RAMOS
Assistant Federal Defender

Enclosure

AER/sm

```
FLFET   531.01  *           INMATE HISTORY              *       07-29-2015
PAGE  001 OF 001 *             DRUG PGMS                *       09:36:22

         REG NO..: 16205-081  NAME....: HERBEN, JOHANNES EUGENE
         CATEGORY: DRG        FUNCTION: DIS      FORMAT:

FCL    ASSIGNMENT DESCRIPTION             START DATE/TIME  STOP  DATE/TIME
FLF    ED COMP    DRUG EDUCATION COMPLETE   08-24-2011 1026 CURRENT
FLF    NR COMP    NRES DRUG TMT/COMPLETE    02-10-2012 0958 CURRENT
FLF    NR PART    NRES DRUG COUNSEL PARTICIPANT  09-15-2011 0813 02-10-2012 0958
FLF    ED PART R  DRUG EDUCATION PARTICIPNT-REQD 08-03-2011 0955 08-24-2011 1026
FLF    ED WAIT RJ DRUG EDUCATION WAIT-RQ JUDREC  08-11-2010 1552 08-03-2011 0955




G0005           TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# Certificate of Completion

This Document certifies that
JOHANNES HERBEN
has satisfactory completed the
ANGER MANAGEMENT
at FCI Florence, Colorado.
this 30th day of MAY 2011.

T. Velasquez, Correctional Counselor