IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JOHANNES EUGENE HERBEN,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:10-CR-195 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Reconsider, Motion to Appoint

Counsel, and Motion for Extension of Time. For the reasons discussed below, the Court will

deny the Motion to Reconsider and Motion to Appoint Counsel. The Court further finds that the

Motion for Extension of Time is moot because Petitioner's Motion to Reconsider was timely

filed.

## I. BACKGROUND

Defendant was charged by Felony Information with possession of methamphetamine with

intent to distribute and possession of a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c). Defendant pleaded guilty to both counts on March 31, 2010,

pursuant to an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Under that

agreement, the parties agreed to a sentence of 156 months.

The Presentence Report prepared in this matter noted, as to Count One, a total offense

level of 25 with a criminal history category VI, resulting in a guide range of 110 to 137 months.

Count Two carried a minimum mandatory sentence of five years to run consecutive, resulting in

an overall guideline range of 170 to 197 months.  On July 6, 2010, the Court formally accepted

the parties' agreement and imposed a sentence of 156 months.

In 2014, Amendment 782 to the Sentencing Guidelines reduced "by two levels many of

the base offense levels for drug offenses assigned by the drug-quantity table at USSG §

2D1.1(c)."[1]   Based upon that amendment, Defendant sought a sentence reduction pursuant to 18

U.S.C. § 3582(c).  The Court denied Defendant's initial request on December 3, 2015, based on

*Freeman v. United States*.[2]  *Freeman* was subsequently modified by *Hughes v. United States*.[3]

In *Hughes*, the Supreme Court clarified that defendants who, like Defendant here, enter into

agreements under Rule 11(c)(1)(C) generally remain eligible for relief under § 3582(c)(2).

Relying on *Hughes*, Defendant again requested a sentence reduction.  Defendant

requested a sentence of 92 months, which represented the amended guideline range for Count

One.  In response, the government agreed that Defendant was eligible for relief in light of

*Hughes*.  However, the government noted that Defendant's proposed sentence of 92 months

failed to take into account the required 60 month consecutive sentence for Count Two.  The

government proposed a sentence of 140 months, representing an 8% reduction below the low-

end of the new guideline range, which was similar to the reduction provided by the original

agreement.

On August 9, 2018, the Court granted Defendant's request for a sentence reduction.  The

Court reduced Defendant's sentence to 152 months.  This sentence represents the low-end of the

---

[1] *United States v. Fisher*, 658 F. App'x 363, 364 (10th Cir. 2016).

[2] 564 U.S. 522 (2011).

[3] ---U.S.---, 138 S.Ct. 1765 (2018).

newly calculated guideline range for Count One, along with the 60 month consecutive sentence for Count Two.

## II.  DISCUSSION

Defendant seeks reconsideration of the Court's sentence reduction.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[4] "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[5]

Defendant argues that the Court erred in failing to further reduce his sentence.  However, the Court lacks the authority to reduce his sentence below 152 months.  United States Sentencing Guideline § 1B1.10(b)(2)(A) provides that, except in circumstances not present here, the Court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) to a term that is less than the minimum of the amended guideline range determined under Section 1B1.10(b)(1).  Section 1B1.10 is binding on courts in § 3582(c)(2) proceedings.[6]

Here, the amended guideline range for Count One is 92 to 115 months.  Count Two requires a sentence of 60 months to run consecutive.  As a result, under § 1B1.10(b)(2)(A), the Court cannot reduce Defendant's term of imprisonment to less than 152 months, which represents the minimum of the amended guideline range for Count One (92 months), plus the consecutive term of 60 months for Count Two.

---

[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[5] *Id.*

[6] *Dillon v. United States*, 560 U.S. 817, 826–31 (2010).

The Court recognizes that the government recommended a lesser sentence to allow for a reduction similar to that contained in the plea agreement. Prior versions of the Sentencing Guidelines contained an exception that allowed, in some circumstances, courts to reduce an amended sentence by a comparable number of months if a defendant's original sentence was below the then-applicable guideline range. However, Amendment 759 significantly narrowed the exception contained in §1B1.10(b)(2)(B).[7] Now, a below-guideline sentence may only be imposed "where the defendant originally received a departure for providing substantial assistance to the government."[8] Defendant did not receive a departure for providing substantial assistance. Therefore, the Court lacks the authority to further reduce Defendant's sentence.[9]

Defendant points to two recent Supreme Court decisions to further support his request. Defendant first cites to *Dean v. United States*.[10] *Dean* held that courts can consider the mandatory minimum sentence required by § 924(c) when calculating the appropriate sentence for the predicate offense.[11] Nothing in *Dean* speaks to the issue before the Court. As stated, the Court lacks the authority under the Guidelines to reduce Defendant's sentence and *Dean* does not change this.

Defendant also relies on *Pepper v. United States*,[12] which held that that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider

---

[7] The Court uses the version of the policy statement in effect on the date the Court reduces the defendant's term of imprisonment. USSG § 1B1.10, Application Note 8.

[8] *United States v. Gutierrez*, 859 F.3d 1261, 1266 (10th Cir. 2016).

[9] *United States v. Kurtz*, 819 F.3d 1230, 1235 (10th Cir. 2016).

[10] ---U.S.---, 137 S. Ct. 1170 (2017).

[11] *Id.* at 1178.

[12] 562 U.S. 476 (2011).

evidence of the defendant's postsentencing rehabilitation and that such evidence may . . . support a downward variance" from the guidelines range.[13]  However, "*Pepper* has no bearing on § 3582(c)(2) sentence-reduction motions."[14]  Therefore, Defendant's reliance on *Pepper* is misplaced.  Moreover, based on the limitation contained in §1B1.10(b)(2)(A), any evidence demonstrating postsentencing rehabilitation would not alter the outcome.

Finally, Defendant argues that the Court erred in not ordering an amended presentence report and not considering the national average for reductions under Amendment 782.[15]  However, Defendant fails to explain how either of these things would have altered the Court's decision.  Based upon all the above, the Court denies Defendant's Motion to Reconsider.

Defendant next requests the appointment of counsel to pursue his claim.  Defendant has no "constitutional right to assistance of counsel in pursuing his § 3582 motion."[16]  The decision whether to appoint counsel is left to the court's discretion.[17]  Because Defendant is entitled to no further relief under § 3582(c)(2), the Court declines to appoint counsel.

Defendant also seeks an extension of time to file his Motion to Reconsider.  The Tenth Circuit has stated that "a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order."[18]

---

[13] *Id.* at 481.

[14] *United States v. Meridyth*, 701 F. App'x 722, 725 (10th Cir. 2017); *see also Dillon*, 560 U.S. at 825–26 (explaining that proceedings under § 3582(c)(2) are not resentencing proceedings).

[15] Defendant also argues that the Court should have given the government an opportunity to file a sur-reply.  However, no sur-reply is permitted under this Court's local rules.

[16] *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (collecting cases).

[17] *Id.*

[18] *United States v. Randall*, 666 F.3d 1238, 1243 (10th Cir. 2011).

The Court entered its Order granting Defendant's § 3582(c)(2) motion on August 9, 2018.[19]  Defendant filed his Motion to Reconsider on August 20, 2018, within the 14 day time limit to appeal the Court's Order.[20]  Therefore, no extension is required.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Reconsider (Docket No. 45) is DENIED.  It is further

ORDERED that Defendant's Motion to Appoint Counsel (Docket No. 44) is DENIED.  It is further

ORDERED that Defendant's Motion for Extension of Time (Docket No. 46) is DENIED AS MOOT.

DATED this 19th day of September, 2018.

BY THE COURT:

Ted Stewart
United States District Judge

---

[19] The Order was signed on August 7, 2018, but was not entered on the docket until August 9, 2018.  The appeal period begins to run at the time the order is entered on the docket. *See* Fed. R. App. P. 4(b)(6).

[20] *See* Fed. R. App. P. 4(b)(1)(A), 4(c)(1).